UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAEKUBIAN A. BARROW,

    Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Defendant.

No. C 14-3126 EDL (PR)

**ORDER OF DISMISSAL**

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, plaintiff's complaint is DISMISSED.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Legal Claims**

In his complaint, plaintiff raises claims related to his underlying criminal convictions. Specifically, plaintiff raises a claim of ineffective assistance of counsel and argues that the police reports were false. Plaintiff also claims that some of the witnesses at trial committed perjury.[1]

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Here, plaintiff is not challenging the conditions of his confinement. He is attacking the lawfulness of his confinement altogether. Because plaintiff's claims, if successful, could affect the duration of his custody, and the determination of the claims could result in entitlement to an earlier release, plaintiff's claims must be brought in a habeas corpus proceeding. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that a claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on

---

[1] The court notes that plaintiff filed a similarly worded civil rights complaint in *Barrow v. People v. State of California*, No. 14-2572 EDL (pr) (N.D. Cal. filed June 4, 2014), which was dismissed for failure to state a claim on August 27, 2014.

parole, must be brought in a habeas petition).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice to plaintiff's re-filing after plaintiff obtains an order from the United States Court of Appeals for the Ninth Circuit authorizing this court to consider a second or successive petition.[2] The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.14\Barrow3126.habftsc.wpd

---

[2] On August 8, 2014, plaintiff's federal habeas case in *Barrow v. Chappell*, No. 14-2669 JSW (pr) (N.D. Cal. filed June 10, 2014), was dismissed as a second or successive action. Plaintiff's first federal habeas action challenging his 2008 convictions was denied on June 27, 2012. *See Barrow v. Swarthout*, No. 10-1521 JSW (pr) (N.D. Cal. filed April 9, 2010).